Robert P. KIDD, Plaintiff-Appellant,

v.

ESSO STANDARD OIL COMPANY, Defendant-Appellee.

No. 14439.

United States Court of Appeals Sixth Circuit.

Oct. 19, 1961.

J. C. Gamble and A. B. Goddard, Goddard & Gamble, Maryville, Tenn., for plaintiff-appellant.

Lucius E. Burch, Jr., Memphis, Tenn. (Robert S. Young, Jr., Knoxville, Robert B. Jonnings, New York City, Burch, Porter, Johnson & Brown, Memphis, Tenn., Baker, Young, Young & Baker, Knoxville, Tenn., on the brief), for defendant-appellee.

Before MARTIN, MAGRUDER and CECIL, Circuit Judges.

## PER CURIAM.

This action was brought under the Clayton Act by a filling station operator, Robert P. Kidd, against the Esso Standard Oil Company, asking treble damages for alleged violation of the Robinson-Patman Price Discrimination Act. Title 15 U.S.C.A. §§ 13 and 15.

The case was tried to a jury on four special issues. In reply to these special issues, the jury answered that the plaintiff *was* in competition with others who received from the defendant the price differential upon which the complaint was based. The jury answered, further, that the price differential was *not* imposed in good faith by the defendant to meet competition in compliance with Section 13(b) of Title 15 U.S.C.A. But the jury found that the plaintiff had sustained *no damages* as the direct and proximate result of the violation by defendant of Section 13(b). The jury did not answer the fourth question propounded, as to the amount of damages, for the obvious reason that it had returned a verdict of "no damages" on the third issue.

The complaint averred that, during the period of the alleged violation, the defendant had given plaintiff's competitors (Farr and Phillips) a sales price of six-tenths of a cent per gallon lower than that at which it had sold its products to the plaintiff. Plaintiff-appellant urges that his damages should be at least the price differential between the charges made to him and those made to his named competitors. The record fails to show that those competitors, who were operating in a nearby but different area, lowered the price at which they sold to the public, at all; nor is there proof in the record to show or tend to show that, during the period involved, the plaintiff-appellant lost any customers, or that he lost any profits from the operation of his filling station.

The language of Section 15 of Title 15 United States Code Annotated [the Clayton Act which preceded the Robinson-Patman Act] is that, for injury to the business of any person from violation of the anti-trust laws, the injured person "shall recover threefold the damages by him sustained, and the cost of [the] suit, including a reasonable attorney's fee."

In this case, the United States District Judge charged, *inter alia*, that the plaintiff's right to recover is limited

to actual damages, the amount of which must be determined with reasonable certainty from the evidence; and that no speculative, remote, or uncertain damages should be allowed.

We consider the charge of the court to have been clear and elucidating, and a correct statement of legal principles pertinent to the case.

The judgment of the District Court is affirmed.